PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2002 Dodge Neon struck a hole while she was traveling on Wilsonburg Road in *28 HarrisonLEVIT County. Wilsonburg Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred between 6:00 p.m. and 6:15 p.m. on August 15, 2006. Wilsonburg Road is a two-lane highway at the area of the incident involved in this claim. Claimant testified that she was driving on Wilsonburg Road when she saw the hole. She stated that she could not avoid the hole because of oncoming traffic. Claimant’s vehicle struck the hole sustaining damage to the right front rim and tire. Ms. Kent stated that the hole was approximately eight feet long and twelve inches deep. Claimant’s vehicle sustained damage totaling $242.20.
The position of the respondent is that it did not have actual or constructive notice of the condition on Wilsonburg Road at the site of the claimant’s accident for the date in question. Respondent did not present any witnesses or evidence at the hearing of this matter.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on Wilsonburg Road. The size of the hole and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $242.20.
Award of $242.20.